**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **KAY MESSINA,** | ) | |
| | ) | **Case No.:** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| **PORTFOLIO BUSINESS** | ) | **JURY TRIAL** |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |

## COMPLAINT

KAY MESSINA ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against PORTFOLIO BUSINESS MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Delaware therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Wilmington, Delaware.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 902 Ridge Road, Suite 114, West Seneca, New York 14224.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13. Throughout April 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

14. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (855) 641-1273. The undersigned has confirmed that this number belongs to Defendant.

15. Moreover, on at least one occasion, Defendant's collector Nicole Carter indicated she was from the Department of Legal Services and that Defendant had a legal claim pending against her and was going to serve her with papers related to that lawsuit either at her home or place of employment.

16. Plaintiff never received any paperwork from Defendant.

17. Upon information provided and belief, Defendant did not intend to take legal action against Plaintiff and did not have legal action pending against her. Instead, Defendant's collectors made this threat for the purposes of placing Plaintiff in fear and to coerce payment of the alleged debt.

18. Defendant's actions as described herein were taken with the intent to harass, abuse and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

19. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; and when it deceptively threatened to take legal action or that legal action was pending against Plaintiff,

## COUNT II
**DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

21. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff's cellular telephone causing it to ring continuously with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III
**DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA**

23. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken

25. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to take legal action or that legal action was pending against Plaintiff without the intend to take such action.

## COUNT IV
### DEFENDANT VIOLATED § 1692f OF THE FDCPA

27. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendant violated § 1692f when it harassed Plaintiff; when it threatened Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, KAY MESSINA, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    e. Any other relief deemed fair and proper by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAY MESSINA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date:   3-31-16                    By:*/s/ W. Christopher Componovo*
                                                      W. Christopher Componovo
                                                     Attorney ID #3234
                                                     Kimmel & Silverman, P.C.
                                                     Silverside Carr Executive Center
                                                     Suite 118, 501 Silverside Road
                                                     Wilmington, DE 19809
                                                     Phone: (302) 791-9373
                                                     Facsimile: (302) 791-9476

PLAINTIFF'S COMPLAINT